NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL M. CHAZANOW, : | |
| : | |
| Plaintiff, : | Civil Action No. 11-1094 (CCC) |
| v. : | |
| : | OPINION |
| SUSSEX BANK, ET AL. : | |
| : | |
| Defendants. : | |

**CECCHI**, District Judge.

**I.    INTRODUCTION**

This matter comes before the Court by way of Defendants Donald L. Kovach's ("Kovach"), Anthony Labozzetta's, Anthony Abbate's, Patrick Brady's, Katherine Caristia's, Mark J. Hontz's, Edward J. Leppert's, Richard Scott's, Steven Fusco's, Irvin Ackerson's, Timothy Marvil's, Candace Leatham's, Richard Branca's and Terry H. Thompson's (collectively, "Defendants") motion to dismiss Plaintiff Samuel M. Chazanow's ("Plaintiff") Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court has considered the submissions made in support of and in opposition to the instant motion.[1]  No oral argument was heard.  Fed. R. Civ. P. 78.  Based on the reasons that follow, Defendants' motion to dismiss is granted.  Plaintiff is granted thirty (30) days in which to file a Third Amended Complaint that cures the pleading deficiencies discussed below.

---

[1] The Court considers any new arguments not presented by the parties in their papers or at oral argument to be waived.  See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

## II.     BACKGROUND

Plaintiff filed his SAC on April 25, 2011, which added the Defendants to this litigation. Plaintiff's claims revolve around an employment contract[2] and a consulting agreement that Plaintiff entered into with Sussex Bank (the "Bank"). On June 1, 2010, the Bank terminated Plaintiff for cause pursuant to ¶1(b)(v) of the contract, which states that "cause" means, <u>inter alia</u>, the failure of the Bank's Joint Venture with National City Mortgage to achieve at least 80% of the annual budgeted net income. (<u>See</u> SAC ¶¶30, 34.) Plaintiff filed suit against the Bank on December 15, 2010, alleging breach of contract and breach of the duty of good faith and fair dealing. (<u>See</u> Compl., SAC.)[3]

Plaintiff's SAC also contains a claim for "constructive" fraud, which states that "[d]efendants had a fiduciary duty and was [sic] required to deal with the Plaintiff using utmost good faith, undivided loyalty and inherent fairness." (SAC ¶49.) Plaintiff further contends that "the defendants breached their fiduciary duty and has [sic] engaged in conduct contrary to the best interest of the plaintiff by making deceptive material misrepresentations of facts to plaintiff." (<u>Id.</u>) Plaintiff asserts that when Defendants "made these representations they knew them to be false, and these representations were made by defendants' [sic] with the intent to defraud and deceive plaintiff and with the intention to induce plaintiff to enter in to [sic] the contracts herein alleged." (SAC ¶50.) On September 2, 2011, Defendants filed their motion to dismiss.

---

[2] The Bank subsequently entered into a joint venture ("Joint Venture") with National City Mortgage, which was then acquired by PNC bank. (SAC ¶21.)
[3] Plaintiff's SAC also includes a claim for intentional infliction of emotional distress based on the Bank's termination of Plaintiff's consulting agreement. (SAC.) The intentional infliction of emotional distress claim is the subject of a separate summary judgment motion.

## III. DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

### A. Legal Standard

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949.

### B. DISCUSSION

**1. Plaintiff Did Not Properly Plead a Cause of Action for Fraud**

Under Fed. R. Civ. P. 9(b), "a party must state with particularity the circumstances constituting fraud." To satisfy this pleading standard, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004)). The plaintiff must also allege "who made the purported misrepresentations and what specific misrepresentations were made." Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724, at *8 (D.N.J. Jan. 27, 2012).

Plaintiff's fraud claim states that Defendants, though their alleged misrepresentations, "induced" Plaintiff to: 1) enter into his employment contract with the Bank; 2) "prematurely cancel said employment contract and enter into a consulting contract"; and 3) renew his consulting contract. (SAC ¶52.) Plaintiff alleges that if he had "known the actual false intentions of the defendants, Plaintiff would not have taken such action." (SAC ¶53.)

Defendants argue that Plaintiff's fraud claim should be dismissed because Plaintiff has not provided the "who, what, when, where and how" of any supposed fraud. (Def. Motion to Dismiss 9.) Specifically, Defendants contend that Plaintiff does not provide any facts regarding what false statements were made, who made the statements, or when or where the statements were made. (Id.)

Upon review of Plaintiff's SAC, the Court agrees that Plaintiff has failed to meet the heightened pleading standard required for fraud-based claims. It is clear that under Third Circuit law, Plaintiff must include sufficient details concerning fraud. Barnard v. Verizon Communs., Inc., No. 11-1318, 2011 U.S. App. LEXIS 22830, at *13 (3d Cir. Nov. 14, 2011) (stating that common law fraud claims brought in federal court require the pleader to "state with particularity the circumstances constituting fraud"); see also GSC Partners CDO Fund v. Washington, 368 F.3d 228, 239 (3d Cir. 2004) (explaining that Rule 9(b) requires "the first paragraph of any newspaper story — that is, the who, what, when, where and how of the events at issue"). Plaintiff must include "who made the purported misrepresentations" and, more importantly, "what specific misrepresentations were made." Gutierrez, 2012 U.S. Dist. LEXIS 10724, at *8. Plaintiff's SAC does not include any details regarding what misrepresentations were made, why these misrepresentations were false, who made the representations, or when the

4

misrepresentations were made.[4]  Thus, Plaintiff fraud claim does not meet the clear requirements of Rule 9(b).

### 2. Plaintiff Did Not Properly Plead a Cause of Action for Constructive Fraud

The Court also finds that Plaintiff's labeling of his fraud claim as "constructive" fraud "does not illuminate or ground his claim." Billings v. Am. Express Co., No. 10-3487, 2011 U.S. Dist. LEXIS 132185, at *29-30 (D.N.J. Nov. 16, 2011).  As New Jersey courts have observed, "'constructive fraud is not fraud at all but is descriptive of conduct which may in the eyes of the law give rise to certain consequences [e]nsuing upon actual fraud.'" Foont-Freedenfeld Corp. v. Electro-Protective Corp., 314 A.2d 69, 70 (N.J. Super. Ct. App. Div. 1973) (citing Bedrock Foundations, Inc. v. Geo. H. Brewster & Son, Inc., 155 A.2d 536, 542 (N.J. 1959)).  Such conduct "is made to sound like fraud by putting the word 'constructive' in front of it." In re Bowen, 151 F.2d 690, 691 -692 (3d Cir. 1945).

It appears that Plaintiff relies upon New York law for his assertion of "constructive fraud." Klembczyk v. DiNardo, 265 A.D.2d 934, 935 (N.Y. App. Div. 4th Dep't 1999).  While such authority does not appear binding on this Court, nonetheless, even under that standard, Plaintiff has not made a sufficient showing to survive Defendants' motion to dismiss.  In

---

[4] Although the Court is relying only on Plaintiff's SAC to decide Defendants' motion to dismiss, the Court notes that Plaintiff's Opposition also does not provide support for Plaintiff's fraud claim.  In fact, Plaintiff's Opposition merely states that "Sussex Bankcorp Officers and Directors which were named specifically in the Plaintiff's Second Amended Complaint are liable for inducing and or abetting willful wrongdoing by *inducing Sussex Bank* to: a) offer Plaintiff an employment contract in 2003 with false representations, b) offer Plaintiff a consulting contract in 2005 with false representations, and c) to wrongfully terminate Plaintiff [sic] Employment with 'Cause' under a guise of a false statement with the intent to deprive Plaintiff of his contractual benefits." (Plaintiff Opp. ¶14)(emphasis added).  There is no mention of any wrongdoing by any specific Defendant.  The only Defendant referenced in Plaintiff's Opposition is Donald Kovach ("Kovach").  (Plaintiff Opp. ¶¶ 2-3.)  However, even with regard to Kovach, Plaintiff fails to specifically identify Kovach's materially false statements.

Klembczyk, the elements of constructive fraud were found to be the same as those for actual fraud, except that the element of scienter was replaced by a fiduciary or confidential relationship between the parties.  265 A.D.2d at 935.  Thus, even under a constructive fraud theory, Plaintiff would still need to elucidate the "who, what, when, where and how" of the alleged misrepresentations to satisfy Rule 9(b).  GSC, 368 F.3d at 239.  Because Plaintiff's constructive fraud claim against the Defendants fails to state with particularity the alleged fraudulent statements or misrepresentations made by the Defendants, Plaintiff's SAC is dismissed without prejudice.[5]

### IV.    CONCLUSION

Based on the reasons set forth above, Defendants' motion to dismiss Plaintiff's SAC is granted and this matter is administratively terminated with regard to these Defendants only.  To the extent the deficiencies in Plaintiff's fraud claim can be cured by way of amendment, Plaintiff is granted thirty (30) days to reinstate this matter and file an Amended Complaint solely for purposes of amending such claim.  To the extent Plaintiff seeks to add any additional claims, a formal motion to amend should be filed in accordance with all applicable local and Federal rules, as well as any scheduling order which may be in place.

An appropriate Order accompanies this Opinion.


DATED:  March 13, 2012

                                                             *s/Claire C. Cecchi*
                                              **CLAIRE C. CECCHI, U.S.D.J.**

---

[5] Because the Court did not rely upon any documents outside of the SAC in reaching this decision, the Court need not treat Defendants' motion to dismiss as one for summary judgment.