NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL M. CHAZANOW, | : |
| | : Civil Action No. 11-1094 (CCC) |
| Plaintiff, | : |
| | : |
| v. | : MEMORANDUM OPINION |
| | : |
| SUSSEX BANK, et al., | : |
| | : |
| Defendants. | : |
| | : |

**CLARK, Magistrate Judge**

This matter comes before the Court upon non-party The PNC Financial Services Group, Inc.'s ("PNC") motion pursuant to FED.R.CIV.P. 45(c)(3) to quash Plaintiff's second subpoena. [Docket Entry No. 100]. Plaintiff Samuel M. Chazanow ("Plaintiff") opposes PNC's motion. [Docket Entry No. 101]. The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to PNC's motion and considers same without oral argument pursuant to L.CIV.R. 78.1(b). For the reasons set forth more fully below, consistent with this Memorandum Opinion and the accompanying Order, PNC's motion to quash is GRANTED.

**I.   BACKGROUND**

Plaintiff filed the instant action on December 15, 2010 in the United States District Court for the Eastern District of Virginia, alleging, *inter alia*, breach of contract arising out of a consulting agreement that Plaintiff had with Defendant Sussex Bank ("Sussex"). *See Fourth*

1

*Amended Complaint,* Docket Entry No. 80.   Venue was subsequently transferred to the District of New Jersey, where this action has been pending since 2011.   Plaintiff alleges that he helped "facilitate the formation of a Joint Venture between Sussex Bank and National City Mortgage, Inc." and that he thereafter became an employee of same by way of a Consulting Agreement. *Id.* at ¶¶12, 15, 17.   One of the conditions of the Consulting Agreement provided that Plaintiff could be terminated if the income from the Joint Venture was less than 80% of the benchmark contained in the Agreement. *Id.*   On June 1, 2010, Sussex sent Plaintiff a termination letter "claiming that the Joint Venture had failed to perform as required in 2009." *Id.* at ¶24.   Plaintiff then filed the instant action.

On or about August 23, 2011, Plaintiff served non-party PNC with a subpoena requesting various discovery.   Upon PNC's objection, the Honorable Joseph A. Dickson, U.S.M.J. issued an Order on November 16, 2011, concluding that Plaintiff's subpoena was overbroad and narrowing the scope of same to three discrete categories of documents. *See* Docket Entry No. 58. Discovery was thereafter stayed, pending motion practice by the parties.   The case was then transferred to the Honorable Mark Falk, U.S.M.J. who reopened discovery on Counts 1 and 2 of Plaintiff's Complaint on March 12, 2014.   Upon reassignment of this matter to the undersigned, Plaintiff filed a motion to compel production from PNC pursuant to the subpoena on April 14, 2014. *See* Docket Entry No. 97.   On May 20, 2014, upon consideration of the materials submitted in connection with Plaintiff's motion, this Court denied same as moot, as PNC had represented that production was made under the subpoena and Plaintiff had not disputed otherwise. *See* Docket Entry No. 99.

In the interim, Plaintiff prepared a second subpoena to PNC on April 28, 2014, which

2

PNC claims to have received on May 5, 2014 – coincidentally, the same day that it provided Plaintiff with production under the first subpoena. *PNC's Brief in Support* at 3-4; Docket Entry No. 100-1.   Thereafter, PNC filed the instant motion to quash Plaintiff's second subpoena.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation. Pursuant to Rule 26(b)(1), the scope of permissible discovery is quite broad.   Indeed, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .   Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."   Rule 26(b)(1). Nevertheless, while undeniably broad, there are limits to the permissible scope of discovery. For example, Rule 26(b)(2)(C) specifically requires courts to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" and where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."   Rule 26(b)(2)(C)(i) & (ii). Similarly, pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

Discovery sought via a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permissible under Rule 26(b).   *OMS Investments, Inc. v. Lebanon Seaboard Corp.*, Civil Action No. 08-2681 (AET), 2008 WL 4952445, *2 (D.N.J. Nov. 18, 2008).   In addition, pursuant to Rule 45(d)(1), "[a] party or attorney responsible for issuing and serving a subpoena

must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and the Court has a responsibility to enforce this duty. However, it is the party claiming undue burden that must establish same. *Nye v. Ingersoll Rand Company*, Civ. No. 08-3481 (DRD), 2011 WL 253957, *6 (D.N.J. Jan. 25, 2011); *OMS Investments*, 2008 WL 4952445 at *2. If a subpoena falls outside the scope of permissible discovery, the Court has authority to Quash or modify it upon a timely motion by the party served. FED.R.CIV.P. 45(d)(3). Specifically, four circumstances exist which require the Court to quash or modify a subpoena. Rule 45(d)(3)(A) provides that:

>  (A) On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>  (i) fails to allow reasonable time for compliance;
>  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>  (iv) subjects a person to undue burden.

*Id.*

In assessing the burden on the subpoenaed entity against the benefit conferred on the serving party, the Court may consider the following factors:

>  1. The party's need for the production;
>  2. The nature and importance of the litigation;
>  3. Relevance;
>  4. The breadth of the request for the production;
>  5. The time period covered by the request;
>  6. The particularity with which the documents are described; and
>  7. The burden imposed on the subpoenaed entity.

*OMS v. Lebanon*, supra.

**III.     DISCUSSION**

The Court finds that the subpoenas at issue must be quashed for several reasons. First, PNC is a non-party and therefore is afforded greater protection from discovery than a normal party. *See Laxalt v. McClatchy,* 116 F.R.D. 455, 458 (D.Nev. 1986); *Stamy v. Packer,* 138 F.R.D. 412, 419 (D.N.J. 1990) ("Initially, it should be noted that the standards for nonparty discovery require a stronger showing of relevance than for simple party discovery.") Moreover, the Court notes that PNC has already been served with a subpoena which it represents has been fully complied with. *See* Docket Entry No. 98, 99. Thus, PNC has already been subjected to discovery in this matter as a non-party.

Second, Plaintiff prepared his second subpoena before he received PNC's production under the first subpoena. In this regard, the Court finds Plaintiff's subpoena to be premature. However, even assuming *arguendo* that Plaintiff's second subpoena was served timely, it appears that the information sought by same largely mirrors that of the original subpoena, which was found to be overbroad by Judge Dickson. As such, the Court declines to require PNC to comply with same.

Lastly, the Court is not persuaded by Plaintiff's narrowing of the subpoena as proposed in his opposition. *See* Docket Entry No. 101. Plaintiff's proposed categories of documents are overbroad and PNC has represented any relevant documents in this categories have been produced as requested by the first subpoena. *See PNC's Brief in Reply* at 3; Docket Entry No. 104.

**IV.     CONCLUSION**

For the reasons set forth above, PNC's Motion to Quash Plaintiff's subpoena is

5

GRANTED.   An appropriate Order follows.

Dated: July 1, 2014

                                            s/James B. Clark, III
                                            **HONORABLE JAMES B. CLARK, III**
                                            **UNITED STATES MAGISTRATE JUDGE**